UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONGGUI XIE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TERRY LAI, et al.,<br><br>    Defendants. | Case No. 19-mc-80287-SVK<br><br>**ORDER ON EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Tonggui Xie ("Mr. Xie"), Canphoenix Enterprises Ltd. ("Canphoenix"), Inspire Group Trites Project Corporation ("Inspire Group"), and Inspire Group Development Corporation ("Inspire Group Development") (collectively, "Applicants") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt 1. The proposed subpoena seeks all non-content email headers, including the "to" and "from" lines and the dates, from the Google email account of Terry Lai ("Mr. Lai"). Dkt. 4-1. Applicants allege that Mr. Lai is guilty of breach of contract, conspiracy, and misappropriation under Canadian law. Dkt. 1 at 2. Accordingly, the Court **GRANTS** the application on the conditions and for the reasons discussed below.

**I.    BACKGROUND**

The following section outlines the facts as represented by Applicants. On or about November 16, 2012, Mr. Xie and Mr. Lai entered into a Joint Venture Agreement ("Agreement"). Dkt. 2 ("Xie Decl.") ¶ 1. Mr. Xie advanced $2,000,000.00 to Mr. Lai, who, pursuant to the Agreement, was to invest that money into 0843003 B.C. Ltd. *Id*. ¶¶ 2-4. Mr. Lai failed to comply with the terms of the Agreement and instead misappropriated the money that was payable to Applicants. *Id. ¶¶* 8-13. Applicants filed a suit against Mr. Lai in Canada and after Mr. Lai failed to comply with the British Columbia Supreme Court's rules, Applicants sought relief by

filing a Notice of Application for an order requiring Google to produce documents associated with Mr. Lai's email account in the British Columbia Supreme Court. Dkt. 1 at 3-4; Pun Decl. ¶ 10; Dkt. 3-1, Ex. H. Applicants explained in their Notice that they feared Mr. Lai would delete the emails associated with his account and, per Google's support, any emails that had already been deleted by Mr. Lai could not be recovered by Google. Dkt. 1 at 4; Pun Decl. ¶¶ 9, 11; Dkt. 3-1, Ex. H. The order was granted and Google was ordered to produce documents to an Independent Reviewing Solicitor. Dkt. 1 at 4; Pun Decl. ¶ 12; Ex. I. As a result, Applicants seek discovery of Mr. Lai's non-content email headers from Google, without prior notice to Mr. Lai. Dkt. 4-1 at 1.

## II. LEGAL STANDARD

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782, as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). "The order may prescribe the practice and procedure . . . for taking the testimony or statement or producing the document or other thing," and to the extent that the order *does not prescribe otherwise*, the documents must be produced in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994) (emphasis added). An applicant may invoke § 1782 where: (1) the discovery is sought from a person or entity residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a Section 1782(a) request: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or

2

other policies of a foreign country or the United States;" and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id*. at 247, 261-63.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries, by example, to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). However, "there may be circumstances where it is appropriate for a successful § 1782 petitioner to refrain from providing notice to potential adverse parties." *In re Rivada Networks*, 230 F.Supp.3d 467, 474 (E.D. Va. 2017). "In those circumstances a court may, as § 1782 permits, state that the Federal Rules of Civil Procedure do not apply." *Id*.

### III. DISCUSSION

#### A. Statutory Requirements

The application satisfies the statutory requirements of Section 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this District. Dkt. 1 at 5. Second, Applicants request this discovery for use in a civil action that has already been filed in

Canada. *Id*. at 5-6. Third, Applicants are the plaintiffs in the Canadian action and are thus interested persons within the meaning of the statute. *Id*. at 7.

### B. *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, Google will not be a party to the civil action in Canada. Dkt. 1 at 8. Furthermore, Applicants contend that the documents they seek are located in the United States and that such evidence is outside the reach of a Canadian court's jurisdiction. *Id*. Under these circumstances, the Court finds that there is a need for assistance pursuant to Section 1782, making this factor weigh in favor of permitting discovery

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under Section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of Section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German

4

criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, Applicants represent that the Canadian court has not indicated that it does not want or need this Court's assistance. Dkt. 1 at 8. In the absence of evidence that Canadian courts would object to Applicants' discovery of the information sought in the subpoena or that Canadian courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether Applicants' request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Applicants supports their application with the declaration of Mr. Sampson Pun, their attorney in the Canadian matter. Pun Decl. ¶ 1. Mr. Pun states that Justice Iyer of the British Columbia Supreme Court granted an order requiring Google to provide *all* documents within its power or possession associated with the account lai@inspiregroups.com. *Id*. ¶ 12 (citing Dkt. 3-1, Ex. I). Mr. Pun also states that he worked with Google to narrow the categories of documents ordered by Justice Iyer to the "to" and "from" lines of Mr. Lai's emails, as well as the date those emails were sent. Pun Decl. ¶ 13; Dkt. 1 at 11. As Applicants' request does not suggest that they are attempting to circumvent foreign proof-gathering restrictions, the Court concludes that this factor also weighs in favor of discovery.

////

#### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Applicants' proposed subpoena seeks "[a]ll non-content email headers, including the to and from line and the dates associated with Mr. Terry Lai's email account at lai@inspiregroups.com from June 2012 to the present." Dkt. 4-1 at 1. Mr. Pun avers that he has worked closely with Google's attorneys to narrow the categories sought so as to not create an unduly burdensome or oppressive request. Dkt. 1 at 10-11; Pun Decl. ¶ 13.

Regarding potential confidentiality concerns, Applicants state that they are not seeking confidential information, as they seek only the "to" and "from" lines of Mr. Lai's emails, as well as the date those emails were sent. Dkt. 1 at 11. Applicants also aver that the subpoenaed documents will be given to an Independent Reviewing Solicitor whose sole responsibility will be to review the documents for confidential and/or privileged information before the documents are given to Applicants. *Id*. The Court is satisfied that the discovery sought is not unduly burdensome. It does, however, address two issues which implicate the intrusiveness of Applicants' request.

##### a. Request that Mr. Lai Not Be Given Prior Notice of the Subpoena

Section 1782 provides that an "order may prescribe the practice and procedure" for the production of documents and to the extent that the order does not prescribe otherwise, the documents must be produced in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994); *In re Rivada Networks*, 230 F.Supp.3d 467, 473 (E.D. Va. 2017). Rule 45 of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents, electronically stored information . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). As noted above, in *Rivada Networks*, the court recognized that "there may be circumstances where it is appropriate for a successful § 1782 petitioner to refrain from providing notice to potential adverse parties." *In re Rivada Networks*, 230 F.Supp.3d at 474. The Court finds those circumstances present here.

As in their Notice to the British Columbia Supreme Court, Applicants contend that

Mr. Lai, if given the opportunity, would delete all of the emails associated with his account. Dkt. 1 at 4; Dkt. 3-1, Ex. I. Applicants contend that their fear of losing this evidence was confirmed by Google's G Suite Support who confirmed that Google cannot recover emails that have been deleted by Mr. Lai. Dkt. 1 at 4; Pun Decl. ¶¶ 10, 12; Dkt. 1-3, Ex. I. In her order granting Applicants' Notice, Justice Iyer stated that Applicants are to provide Mr. Lai with her order, Applicants' Notice, and other relevant documents *after* Google delivers the requested documents for the Independent Reviewing Solicitor's review. Dkt. 3-1, Ex. I. This Court is satisfied that providing Mr. Lai with notice of Applicants' subpoena to Google should be done in accordance with the practice and procedure prescribed in Justice Iyer's order rather than those set by the Federal Rules of Civil Procedure. The Court concludes that the Federal Rules of Civil Procedure do not apply in this case and that Mr. Lai shall be given notice in accordance with Justice Iyer's order.

**b. Stored Communications Act**

It is well-established that civil subpoenas, including those issued pursuant to § 1782, are subject to the prohibitions of the Stored Communications Act ("SCA"). *See Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors*., No. C 12-80242 EJD PSG, 2013 WL 256771, at *1 (N.D. Cal. Jan. 23, 2013). The SCA provides in relevant part that "(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). "The contents of a . . . communication [are] defined as any information concerning the substance, purport, or meaning of that communication." *Optiver*, 2013 WL 256771, at *1 (internal citation and quotation marks omitted). In *Optiver*, the Court found the subject line of an email to be "content" protected by the SCA in part because "revealing the subject line would necessarily reveal information about the substance of the communication." *Id*. at *2. The *Optiver* Court did allow discovery of "[d]ocuments sufficient to show the recipient(s), sender, date sent, date received, date read, and date deleted of emails." *Id*. at *3.

In the Application, Applicants state that they seek all "non-content email headers, including the 'to' and 'from' line, the subject line, and the date associated with Mr. Lai's email account." Dkt. 1 at 1. Their subpoena, however, indicates that they seek "[a]ll non-content email

7

headers, including the to and from line and the dates associated with Mr. Terry Lai's email account." Dkt. 4-1 at 1. To the extent that Applicants seek discovery of the subject lines of Mr. Lai's emails, this Court finds that the subject lines are content protected by the SCA and cannot be discovered. *See Optiver*, 2013 WL 256771, at *2-3. Applicants may, however, seek the to and from lines, as well as the dates associated with the emails.

## IV. CONCLUSION

This application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena proposed by Applicants to the extent that it does not seek the subject lines of Mr. Lai's emails and without prior notice to Mr. Lai. Accordingly, the Court authorizes service of the proposed subpoena. This order does not foreclose a motion to quash or a motion to further modify the subpoena by Google. The Court further orders Applicants to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena in an appropriate forum if they wish:

1. At the time of service of the subpoena, Applicants must also serve a copy of this order on Google.
2. The documents sought by Applicants must be produced to the Independent Reviewing Solicitor for his review.
3. Pursuant to Judge Iyer's order, Applicants must serve a copy of this order on Mr. Lai no later than two business days after the Independent Reviewing Solicitor receives the documents from Google.

**SO ORDERED.**

Dated: December 20, 2019

SUSAN VAN KEULEN
United States Magistrate Judge